**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4112

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROCKEY LEE MULLINS,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Joseph Robert Goodwin, District Judge.  (2:02-cr-00079)

Submitted:  September 6, 2006        Decided:  September 28, 2006

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Megan J. Schueler, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.  Charles T. Miller, United States Attorney, Monica L. Dillon, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Rockey Lee Mullins appeals the district court's judgment revoking his supervised release and sentencing him to thirty-six months in prison. On appeal, Mullins acknowledges that some period of incarceration was warranted due to his repeated failures to abide by the terms of his supervised release, but he contends his sentence to the statutory maximum term is unreasonable because it does not further the purposes of supervised release. We affirm.

We will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and not plainly unreasonable. See United States v. Crudup, __ F.3d __, 2006 WL 2243586, at *5 (4th Cir. Aug. 7, 2006). In making this determination, we first consider whether a sentence is procedurally or substantively unreasonable, and if so, whether it is "plainly" so. Id. While the district court must consider the Chapter 7 policy statements and the statutory requirements and factors applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583 (2000), the court ultimately has broad discretion to revoke the previous sentence and impose a term of imprisonment up to the statutory maximum. Crudup, 2006 WL 2243586, at *4.

Mullins contends his sentence is unreasonable because it is too severe and will not facilitate his transition back into the community after his prison term. He further suggests that he adjusted well to supervision and his violations involved his

struggle to obtain substance abuse and mental health treatment. However, the district court gave Mullins more than one chance to obtain such treatment at a private facility and to comply with his supervised release conditions, but he repeatedly failed to do so. In imposing its sentence, the district court considered the relevant factors and reasonably determined that no further period of supervised release was appropriate.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED